| | | |
|---|---|---|
| **Tobias Van Buren, Jayden Robinson, and** | : | **United States District Court** |
| **Camaron Johnson, Plaintiffs,** | : | **Western District of Pennsylvania** |
| **vs.** | : | |
| **Abraxas Youth and Family Services, Cornell** | : | **Civil Division – Civil Rights** |
| **Abraxas Group, The GEO Group, Inc., and** | : | **CLASS ACTION – JURY DEMAND** |
| **John/Jane Does 1-100, Defendants.** | : | **Case No.:  2:22-cv-499** |

## CLASS ACTION COMPLAINT

Plaintiffs Tobias Van Buren ("Van Buren"), Jayden Robinson ("Robinson"), and Camaron Johnson ("Johnson"), individually and on behalf of all others similarly situated, allege as follows, against Defendants Abraxas Youth and Family Services, Cornell Abraxas Group, and the GEO Group, Inc. and John/Jane Does 1-100, in their official and individual capacities (the "John/Jane Doe Defendants") (collectively "Abraxas", the "School", and "Defendants"):

## INTRODUCTION

1. The School, by contract and legislation in Pennsylvania, has been delegated a critical and legislatively mandated public function: (a) to provide a custodial setting for children adjudicated delinquent in juvenile court proceedings, as well as children at risk for delinquency or criminal conduct; and (b) to carry out legislatively mandated control and related services, and to provide appropriate sanctions and rehabilitation under the laws governing punishment and treatment of juveniles for criminal acts.

2. Thus, the School acts as an arm of the Commonwealth, providing a core public function, and is a state actor for purposes of liability under 42 U.S.C. § 1983.

3. The Pennsylvania Juvenile Court Judges Commission adopted the "Balanced and Restorative Justice" (BARJ) philosophy which requires that "youth committing delinquent acts are provided with supervision, care, and rehabilitation (the legal basis for treatment of those adjudicated in the juvenile court system in Pennsylvania) in a manner that is balanced to include (1) community protection, (2) personal and legal responsibility, and (3) competency development."

4. The School also professes to employ a "Balanced and Restorative Justice (BARJ) compliant, residential program utilizing a Sociological Model, designed to effectuate long-term behavioral change and enhance life skills development." Available at https://abraxasyfs.org/.

5. The School program includes room and board, clothing, behavior management individual and group counseling, academic and vocational programming, medical and dental services, as well as athletic and recreational opportunities." Available at https://abraxasyfs.org/.

6. The School offers services for court-adjudicated youth and non-delinquent youth.

7. Defendants violated the clearly established federal Constitutional and statutory rights of Plaintiffs and those similarly situated under the Fourth, Eighth, and Fourteenth Amendments, and committed tortious conduct under state law, by subjecting Plaintiffs and those similarly situated to harmful and degrading physical and mental abuse, including the use of excessive and unreasonable physical force, and by failing to protect them from harm and injuries at the hands of others.

8. The School caused the injuries and harms to Plaintiffs and those similarly situated by failing to properly train, supervise, and discipline the John/Jane Doe Defendants and, as a result, the John/Jane Doe Defendants, as a matter of practice and custom, engaged in the prohibited conduct on a systematic basis with the expectation that their conduct would not be subject to discipline or sanctions.

9. Further, the School failed to protect Plaintiffs and those similarly situated from assaults and abuse by staff and fellow students at the School.

10. The School has failed to properly protect Plaintiffs, and those similarly situated, and has shown a reckless disregard and deliberate indifference to the widespread violations of their rights, despite being aware for decades of the conduct of the John Doe Defendants, including the physical assaults and abuse, and the corresponding lack of protection for Plaintiffs and the children residing at the School.

11. *USA Today,* and other news outlets, court monitors, and both governmental and private organizations that have conducted investigations, have documented this pattern of misconduct, the culture of violence at the School, in Pennsylvania and other states, and the official cover-ups. *See* attached Exhibits.

12. In a USA Today 2020 article, three former Abraxas employees from the South Mountain Pennsylvania facility stated to the publication in separate interviews staff repeatedly abuse children while physically restraining them based on the filing of a separate and unrelated lawsuit alleging the mistreatment of juveniles under the Defendant's care. *See* attached Exhibits.

13. The article and the persons interviewed describe unlawful uses of physical restraint on the juvenile residents including punching, hitting, kicking, and choking the children. *See* attached Exhibits.

14. In 2017-2018 the Defendants South Mountain facility alone had at least 18 reports to ChildLine regarding abuse at the facility.

15. Former Abraxas staff member Claude Rhodes stated to the media in 2020, he originally took the job at Defendants facility to help children, and tried to stop other staff members on many occasions had to attempt to stop other staff members from exerting excessive force on the juvenile residents.

16. In 2011 the Defendants were sued in federal court in the state of Texas for similar allegations and had a court monitor ordered to evaluate and review the Defendants facilities to ensure compliance with all state and federal constitutional rights and standards. *See* attached Exhibits.

17. In fact, the Hector Garza Residential; Treatment Center in Texas which was owned and operated by the Defendants was found by court monitors to have put 81% of the children in painful physical restraints in addition to the residents being forced to sleep outside of their rooms. *See* attached Exhibits.

18. The same court monitors in Texas federal court reported the Defendants' Hector Garza Residential Facility between May 1, 2018 – May 1, 2020 was cited 26 times for inappropriate child restraints, with 53 instances of technical assistance, 5 citations for inappropriate discipline of children and 25 instances

of related technical assistance, and 12 citations for neglectful supervision of children and 25 instances of related technical assistance. *See* attached Exhibits.

19. Because of Defendants' conduct, Plaintiffs and those similarly situated have suffered and continue to suffer harm, including emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, all of which adversely affects their .daily activities and the full enjoyment of life. Plaintiffs and others similarly situated have and will in the future sustain loss of earnings and earning capacity and have, and will, incur expenses for medical and psychological treatment, therapy, and counseling.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343, and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988. At all relevant times, all Defendants acted under the color of state law.

2. This Court also has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C § 1332( d)(2) ("CAF A"). One Plaintiff and Defendants are citizens of different states. The amount in controversy exceeds $5,000,000, and there are more than 100 members in the Class defined below.

3. This Court has supplemental jurisdiction for the state law claims, pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that two of the Defendants reside in this district and virtually all the acts described in this Complaint occurred in this district.

## PARTIES

5. Plaintiff is **Tobias Van Buren**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

6. Plaintiff is **Jayden Robinson**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania.

7. Plaintiff is **Camaron Johnson**, an individual and resident of the United States of America, and the State of Delaware.

8. Defendant, **Abraxas Youth & Family Services** is a registered business with a corporate headquarters office at 2840 Liberty Avenue, Suite 300 Pittsburgh, Pennsylvania 15222.

9. Defendant, **Cornell Abraxas Group** is a registered business with a corporate headquarters office at 2840 Liberty Avenue, Suite 300 Pittsburgh, Pennsylvania 15222.

10. Defendant, **The GEO Group** is a registered business with a corporate headquarters office at 4955 Technology Way Boca Raton, FL 33431.

11. Defendants John/Jane Does 1-100 are current and former managers, administrators, supervisors, teaching staff, medical staff, and others who have been employed by or were under the control of the School, who abused and/or facilitated the abuse of children at the School.

## FACTUAL BACKGROUND

### A. Defendants Had A Duty To Provide A Safe And Secure Facility For Juveniles Committed Or Otherwise Housed At The School Pursuant To Constitutional and State Law Mandates.

12. The School serves as a custodial facility for the placement of juvenile court adjudicated male youths, aged 12-18, and other at-risk youth. Founded in 1973, the School has provided residential care since its inception. It claims to assess the unique needs of each student, teach tools for success and offer meaningful opportunities for personal growth.

13. The School is funded in large part by the Commonwealth of Pennsylvania and other government jurisdictions and agencies, both inside and outside Pennsylvania, to provide services mandated by law for children who have been adjudicated as delinquent in juvenile court.

14. The School asserts it provides a rehabilitative as opposed to a punishment based program for juvenile offenders and delinquent youth, including Plaintiffs. The School further states that it provides evidence-

based programs such as "Positive Behavioral Intervention Supports, Moral Recognition and Coping with Anger" to turn its students away from crime.

15. The School has been the recipient of placements and commitments of juveniles from Pennsylvania and other states by virtue of its promise of a progressive and effective program for delinquent children, with proven services. The School has assiduously sought recognition as a model reform school, and has achieved that status, at least for some, as "the Harvard of reform schools." For example, Florida, Texas, Ohio, Colorado, Illinois, and many Pennsylvania counties placed juveniles at the School.

16. Defendants have the duty to provide treatment, supervision, and rehabilitation in accordance with federal and state Constitutional standards, via the Pennsylvania Juvenile Act, and prevailing standards for the care and custody of juveniles in need of treatment and supervision. As detailed in this Complaint, Defendants have failed to provide these services in accord with Constitutional, statutory and community standards of care.

**B.  Facts as to Tobias Van Buren**
17. While housed at Abraxas Plaintiff was subjected to physical, mental, and sexual abuse.

18. While residing in Abraxas I, Plaintiff was sexually assaulted by staff member Andrew.

19. Staff member Andrew made Plaintiff engage in sexual contact, including penetration, for privileges including extra phone time and access to illegal narcotics.

20. Despite Plaintiff not wanting any illegal narcotics and/or extra phone time, the Plaintiff was told by staff member Andrew he would be violently physically and sexually assaulted if he did comply with the employee's demands.

21. Staff member Andrew threatened further to expose Plaintiff as a "cooperator" and "rat" if he did not allow the sexual abuse to occur.

22. Andrew would often have sex with the Plaintiff against the Plaintiff's will.

23. Plaintiff was forced to engage in sexual contact with Andrew which included participation in oral sex/oral copulation activities.

24. On a number of occasions, the Plaintiff tried to physically resist having sex with Andrew, at which point Andrew grabbed and squeezed Plaintiff's testicles so hard Plaintiff could not move.

25. While grabbing Plaintiff's testicles, Andrew told the Plaintiff to "stop playing with him" and to comply.

26. Plaintiff after being repeatedly sexually assaulted by Andrew tried to commit suicide while at Abraxas as his requests to other staff members for help was ignored.

27. Plaintiff was never provided with medical treatment for the injuries resulting from his abuse.

**C. Facts as to Jayden Robinson**
28. While housed at Abraxas Plaintiff was subjected to physical abuse.

29. Plaintiff while housed on Delta Unit was physically restrained and had excessive force exerted upon him by both Ms. Dunn and Commanding Officer Tucci.

30. Plaintiff at no time during his residency was physically resisting staff commands when he was physically restrained by these employees.

31. Plaintiff while not resisting staff commands had on multiple occasions been physically restrained, and had excessive force exerted upon him whereby he was injured.

32. Plaintiff also was bitten by a staff member for allegedly not complying with the facilities rules, and suffered a redness and swelling from this incident.

33. Plaintiff was never provided with medical treatment for the injuries resulting from his abuse.

**D. Facts as to Camaron Johnson**
34. Plaintiff was housed at Abraxas Morgantown and Abraxas South Mountain facilities where he was physically and sexually assaulted by staff members.

35. Plaintiff resided on Alpha Unit and American 2 East units at the Abraxas facilities.

36. While housed at Defendants facility Darren Pringle would routinely choke Plaintiff using Plaintiff's arm, which caused him extreme difficulty breathing.

37. Plaintiff often witnessed Darren Pringle abuse other students using unnecessary force with physical restraints and by spitting on different students, including Hassan Jackson.

38. Darren Pringle and staff member Andrew would often tell Plaintiff he had "a fat ass" and make other sexualized comments towards him.

39. Darren Pringle would often during and/or in relation to a sporting event sexually assault the Plaintiff by grabbing his buttocks and his genitals.

40. Darren Pringle would routinely reach inside Plaintiff's pants and touch his genitals with his hand, and would tell Plaintiff this was a routine and proper event.

41. When Darren Pringle placed his hand inside Plaintiff's pants, Darren Pringle would grab, stroke, and massage Plaintiff's penis and testicles.

42. Plaintiff was never provided with medical treatment for the injuries resulting from his abuse.

**E.  Defendants' Violations of the Constitutional Rights of Plaintiffs and the Class, Abuse of Trust, and Violations of the Standard of Care Pursuant to State Law**

43. The School is situated in a pastoral setting with historic buildings and has been marketed as a sought-after placement for juvenile detention, due to its campus, professed commitment to humane and evidence-based treatment, and successful athletic program.

44. In reality, the School is not idyllic, nor does it provide the services and programs it has advertised. To the contrary, it has for decades failed to provide a safe and secure facility and has abetted and tolerated practices and customs of negligent, reckless, and unconstitutional force and other abuses of those committed for treatment and education.

45. Under its veneer of civility, there is a Dickensian "culture of violence" and intimidation at the School that has severely impacted Plaintiffs and other children through systematic excessive force, threats of longer sentences for those who report the abuse, and detention beyond commitment dates for those students with injuries that would be noticed upon release from the School.

46. Based on the prior news reports, the numerous lawsuits, internal complaints by Plaintiffs and other similarly situated, and the reports by the court monitors the Defendants knew or should have known about child abuse occurring at its facilities.

47. *USA Today* reported "staffers encouraged students to sign pre-typed letters by falsely claiming their sentences would restart if they left Abraxas for another program."

48. The School's students also reported lying about the abuse and systematic attempt by the School and its staff to hide the abuse, going so far as intercepting letters and students getting "beat down" for reporting the abuse to law enforcement and third-party officials with the students often too afraid to report the abuse because they feared retaliation.

49. The pattern of assaults and abuse was at various times abetted and promoted by threats to students who were prepared to report the abuses, that they would have to go to a worse placement, have their criminal probation violation, their sentences extended, and/or having to do their time all over again.

## <u>CLASS ACTION ALLEGATIONS</u>

50. Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action under Rules 23(a), (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure.

51. Plaintiffs will request the Court certify the following class:

"All persons who have attended Abraxas Youth and Family Services and/or Cornell Abraxas Group and who suffered physical abuse or are at risk of suffering physical abuse (the "Class")."

52. The Class excludes all School employees and contractors.

53. Plaintiffs reserve the right to amend or modify the Class definition or create a subclass(es) upon further investigation and following discovery.

54. This action, in part, seeks declaratory and injunctive relief, and a writ of mandamus to compel Defendants to meet their obligations under 23 Pa. C. S. § 6311 and 49 Pa. C. S § 45.402 ("Mandatory Reporting Obligations") on both a historical and going-forward basis, and require the School to provide sufficient evidence to the Court that they have and will do so, and to compel Defendants to make a

complete disclosure of all records and information in their possession, custody or control during the time period from January 1, 2000 to the present pertaining to the abuse of children and students at the School. Plaintiffs request that the Court appoint a special master or undertake other appropriate measures to ensure that sensitive information about the victims of Defendants' abuse remains confidential (unless authorized by a victim/survivor) and, additionally, provide a mechanism for the victims of abuse to review records pertaining to them to verify that they exist, are accurate and complete, and are available to be reviewed by Pennsylvania government officials and law enforcement. As such, class certification under FED. R. CIV. P. 23(b)(2) is appropriate.

55. All Class members were subject to a pattern or practice of similar abuse. Defendants acted on grounds generally applicable to all Class members, making final equitable relief to the Class as a whole appropriate.

56. The members of the Class are so numerous that joinder of all members in one action is impracticable. Hundreds, and possibly thousands of boys have attended the School and been subjected to the widespread abuse occurring at the School. The Class members can be identified in the discovery process through Defendants' records and the records of the jurisdictions that placed students at the School. Furthermore, notice can be provided by the Court to all persons who have attended the School so that those who have been abused will have the opportunity to report the abuse in a safe environment.

57. Plaintiffs' and the claims of Class members have a common origin and share a common basis. All Class members suffered from the same pattern or practice of abuse described herein. Common questions of law exist and predominate as to all members of the Class which include, without limitation:

    a.  Whether Defendants violated 42 U.S.C. Section 1983;

    b.  Whether Defendants violated the Fourth, Eighth and Fourteenth Amendments to the United States Constitution;

    c.  Whether Defendants violated 23 Pa. C. S. § 6311 and 49 Pa. C. S § 45.402;

    d.  Whether Defendants are liable for negligence;

    e.  Whether Defendants acted in a manner of reckless indifference;

    f.  Whether Defendants knew of the pattern of abuse at the School;

    g.  Whether the School is liable for negligent hiring, retention, and supervision; and

    h.  Whether there was a pervasive environment of abuse at the School that can be remedied by an injunction and/or declaratory relief.

58. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all Class members were harmed in a similar fashion by Defendants' wrongful and abusive conduct while attending the School.

59. Plaintiffs seek to hold Defendants accountable for the wrongs they have committed and to make the Class whole. Plaintiffs are committed to fairly, adequately, and vigorously representing and protecting the interests of the Class. Plaintiffs have retained the undersigned counsel who are qualified and experienced in class action litigation of this kind. Neither Plaintiffs nor their counsel have any interests that might cause them to refrain from vigorously pursuing the claims in this action. In addition, Defendants have no defenses unique to Plaintiffs.

60. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' conduct described in this Complaint stems from common and uniform conduct and practices, resulting in common violations.

61. It would be difficult for many of Class members to pursue individual relief due to the nature of the harm, distance from Pennsylvania and because they were court-reported to the School as adjudicated youths. In addition, many of the Class members come from low-income homes, lack resources, and

consequently, are particularly vulnerable to Defendants' abuse, especially without means of redress via a class action.

62. It would be virtually impossible for individual Class members to obtain effective relief, including, without limitation, effective injunctive and declaratory relief, from Defendants' actions absent certification of a class action.

63. Individual litigation of multiple cases would be highly inefficient and a waste of judicial and party resources. Moreover, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent results.

64. Class members do not have an interest in pursuing separate actions against Defendants, as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution.

65. Plaintiffs are aware of no difficulties regarding the management of this litigation which would preclude its maintenance as a class action.

66. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum where the School resides and where the acts of abuse alleged herein took place.

## CAUSES OF ACTION

### Federal Claims Pursuant to the United States Constitution

### COUNT 1 – Violations of 42 U.S.C. § 1983 – (Against Abraxas Youth and Family Services)

67. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

68. The Fourth, Eighth, and Fourteenth Amendments to the United States Constitution protect Plaintiffs and the Class from physical abuse and unreasonable or excessive force from Defendants. These

Amendments also require Defendants to establish policies and practices to protect Plaintiffs and the Class from known harms and known patterns of constitutional deprivations.

69. The School failed, with deliberate indifference, to provide a safe custodial setting for Plaintiffs and the Class, by failing to properly train, supervise, and discipline the staff at the School, including all John Does. As a proximate result of the School's policies, practices, and customs, the John Doe Defendants subjected Plaintiffs and the Class to excessive and unreasonable force, a failure to protect from harm, and other abuses alleged in this Complaint.

70. Defendants are liable to Plaintiffs and the Class under 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments.

## COUNT 2 – Violations of 42 U.S.C. § 1983 – (Against Cornell Abraxas Group)

71. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

72. The Fourth, Eighth, and Fourteenth Amendments to the United States Constitution protect Plaintiffs and the Class from physical abuse and unreasonable or excessive force from Defendants. These Amendments also require Defendants to establish policies and practices to protect Plaintiffs and the Class from known harms and known patterns of constitutional deprivations.

73. The School failed, with deliberate indifference, to provide a safe custodial setting for Plaintiffs and the Class, by failing to properly train, supervise, and discipline the staff at the School, including all John Does. As a proximate result of the School's policies, practices, and customs, the John Doe Defendants subjected Plaintiffs and the Class to excessive and unreasonable force, a failure to protect from harm, and other abuses alleged in this Complaint.

74. Defendants are liable to Plaintiffs and the Class under 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments.

## COUNT 3 – Violations of 42 U.S.C. § 1983 – (Against GEO Group, Inc.)

75. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

76. The Fourth, Eighth, and Fourteenth Amendments to the United States Constitution protect Plaintiffs and the Class from physical abuse and unreasonable or excessive force from Defendants. These Amendments also require Defendants to establish policies and practices to protect Plaintiffs and the Class from known harms and known patterns of constitutional deprivations.

77. The School failed, with deliberate indifference, to provide a safe custodial setting for Plaintiffs and the Class, by failing to properly train, supervise, and discipline the staff at the School, including all John Does. As a proximate result of the School's policies, practices, and customs, the John Doe Defendants subjected Plaintiffs and the Class to excessive and unreasonable force, a failure to protect from harm, and other abuses alleged in this Complaint.

78. Defendants are liable to Plaintiffs and the Class under 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments.

**State Law Claims**

**COUNT 4 – Negligence – (Against Abraxas Youth and Family Services)**

79. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

80. Defendant had a duty to act reasonably and to maintain a safe environment for Plaintiffs and the Class.

81. Defendant breached this duty by subjecting Plaintiffs and the Class to unreasonable and excessive force and other unwarranted abuse.

82. Plaintiffs and the Class were injured as a direct and proximate cause of Defendant's negligence, and as a result of being subjected to Defendants' conduct.

83. The injuries to Plaintiffs and. Class members were reasonably foreseeable.

84. Defendants are liable to Plaintiffs and the Class for their abusive conduct.

## COUNT 5 – Negligence – (Against Cornell Abraxas Group)

85. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

86. Defendant had a duty to act reasonably and to maintain a safe environment for Plaintiffs and the Class.

87. Defendant breached this duty by subjecting Plaintiffs and the Class to unreasonable and excessive force and other unwarranted abuse.

88. Plaintiffs and the Class were injured as a direct and proximate cause of Defendant's negligence, and as a result of being subjected to Defendants' conduct.

89. The injuries to Plaintiffs and. Class members were reasonably foreseeable.

90. Defendants are liable to Plaintiffs and the Class for their abusive conduct.

## COUNT 6 – Negligence – (Against GEO Group, Inc.)

91. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

92. Defendant had a duty to act reasonably and to maintain a safe environment for Plaintiffs and the Class.

93. Defendant breached this duty by subjecting Plaintiffs and the Class to unreasonable and excessive force and other unwarranted abuse.

94. Plaintiffs and the Class were injured as a direct and proximate cause of Defendant's negligence, and as a result of being subjected to Defendants' conduct.

95. The injuries to Plaintiffs and. Class members were reasonably foreseeable.

96. Defendants are liable to Plaintiffs and the Class for their abusive conduct.

## COUNT 7 – Intentional Infliction of Emotional Distress – (Against Abraxas Youth and Family Services)

97. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

98. Defendant's conduct is extreme and outrageous.

99. Defendant acted intentionally in their assaults and other abuses and this course of conduct caused severe emotional distress to Plaintiffs and Class members

100. Defendants' conduct was the proximate cause of Plaintiffs' and Class members' injuries.

### COUNT 8 – Intentional Infliction of Emotional Distress – (Against Cornell Abraxas Group)

101. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

102. Defendant's conduct is extreme and outrageous.

103. Defendant acted intentionally in their assaults and other abuses and this course of conduct caused severe emotional distress to Plaintiffs and Class members

104. Defendants' conduct was the proximate cause of Plaintiffs' and Class members' injuries.

### COUNT 9 – Intentional Infliction of Emotional Distress – (Against GEO Group, Inc.)

105. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

106. Defendant's conduct is extreme and outrageous.

107. Defendant acted intentionally in their assaults and other abuses and this course of conduct caused severe emotional distress to Plaintiffs and Class members

108. Defendants' conduct was the proximate cause of Plaintiffs' and Class members' injuries.

### COUNT 10 – Negligent Infliction of Emotional Distress – (Against Abraxas Youth and Family Services)

109. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

110. While in Defendants' custody and control, Defendant had a contractual and/or fiduciary duty of care to Plaintiffs and the Class.

111. Plaintiffs and the Class suffered physical injury as a result of Defendants' conduct.

112. Defendant breached that duty by failing to provide a safe environment for Plaintiffs and Class members and thereby caused them emotional distress.

113. Defendant's negligence was the proximate cause of Plaintiffs' and Class members' injuries.

**COUNT 11 – Negligent Infliction of Emotional Distress – (Against Cornell Abraxas Group)**

114. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

115. While in Defendants' custody and control, Defendant had a contractual and/or fiduciary duty of care to Plaintiffs and the Class.

116. Plaintiffs and the Class suffered physical injury as a result of Defendants' conduct.

117. Defendant breached that duty by failing to provide a safe environment for Plaintiffs and Class members and thereby caused them emotional distress.

118. Defendant's negligence was the proximate cause of Plaintiffs' and Class members' injuries.

**COUNT 12 – Negligent Infliction of Emotional Distress – (Against GEO Group, Inc.)**

119. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

120. While in Defendants' custody and control, Defendant had a contractual and/or fiduciary duty of care to Plaintiffs and the Class.

121. Plaintiffs and the Class suffered physical injury as a result of Defendants' conduct.

122. Defendant breached that duty by failing to provide a safe environment for Plaintiffs and Class members and thereby caused them emotional distress.

123. Defendant's negligence was the proximate cause of Plaintiffs' and Class members' injuries.

**COUNT 13 – Negligent Supervision – (Against Abraxas Youth and Family Services)**

124. Plaintiffs alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

125. Defendant failed to exercise ordinary care and negligently and recklessly caused harm to Plaintiffs and Class members by failing to properly supervise Defendants John Does. The School had reason to know

of the necessity to control employees who had access to and were tasked with supervising, educating, training and caring for Plaintiffs and the Class.

126. The School's negligence in hiring, supervising and retention of its employees and staff was the proximate cause of Plaintiffs' and Class members' injuries.

### COUNT 14 – Negligent Supervision – (Against Cornell Abraxas Group)

127. Plaintiffs alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

128. Defendant failed to exercise ordinary care and negligently and recklessly caused harm to Plaintiffs and Class members by failing to properly supervise Defendants John Does. The School had reason to know of the necessity to control employees who had access to and were tasked with supervising, educating, training and caring for Plaintiffs and the Class.

129. The School's negligence in hiring, supervising and retention of its employees and staff was the proximate cause of Plaintiffs' and Class members' injuries.

### COUNT 15 – Negligent Supervision – (Against GEO Group, Inc.)

130. Plaintiffs alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

131. Defendant failed to exercise ordinary care and negligently and recklessly caused harm to Plaintiffs and Class members by failing to properly supervise Defendants John Does. The School had reason to know of the necessity to control employees who had access to and were tasked with supervising, educating, training and caring for Plaintiffs and the Class.

132. The School's negligence in hiring, supervising and retention of its employees and staff was the proximate cause of Plaintiffs' and Class members' injuries.

### PRAYER FOR RELIEF

133. Plaintiffs alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein.

134. Plaintiffs, individually and on behalf of the Class, respectfully request the Court to enter judgment on
their behalf and on behalf of the Class as follows:

   a. Certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, as requested above,
      appointing Plaintiffs as Class representatives, and appointing Plaintiffs' counsel as counsel for
      the Class;

   b. Issuing appropriate notice to the Class at Defendants' expense;

   c. Declaring that Defendants have violated their Mandatory Reporting Obligations;

   d. Ordering Defendants to meet their obligations under 23 Pa. C. S. § 6311 and 49 Pa. C. S §
      45.402, and all other applicable child abuse reporting laws, on both a historical and going-
      forward basis and supply sufficient evidence to the Court they have and will continue to do so;

   e. Ordering Defendants to make a complete disclosure of all records and information in their
      possession, custody, or control during the time period from January 1, 2000, to the present
      pertaining to the abuse of students at the School. Plaintiffs request that the Court appoint a
      special master or take other appropriate measures to ensure that sensitive information about the
      victims of Defendants' abuse remains confidential (unless authorized by a victim/survivor) and,
      additionally, provide a mechanism for the victims of abuse to review records pertaining to them
      to verify that they exist, are accurate, and complete, and are available to be reviewed by
      Pennsylvania government officials and law enforcement;

   f. Ordering appropriate injunctive, declaratory, and other equitable relief;

   g. Issuing a writ of mandamus commanding Defendants to report, as required by 23 Pa. C. S. §
      6311, all child abuse presently known or suspected by them, and to submit proof of compliance
      with such order to the Court within 10 days of such order;

   h. Awarding Plaintiffs and Class members compensatory, restitutionary, general, consequential,
      punitive, and exemplary damages in an amount to be determined at trial;

    i.   Awarding pre-judgment and post-judgment interest as permitted by law;

    j.   Awarding reasonable attorneys' fees and costs, including expert fees as provided for by law; and

    k.   Granting such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

135.  Plaintiffs alleges and incorporates via reference the allegations contained in all the above paragraphs,

as fully as though the same were set forth herein at length.

136.  Plaintiffs demand a jury on all claims triable as a matter of right.


Respectfully Submitted,


_____

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor Philadelphia, PA 19102
**ATTORNEY FOR PLAINTIFFS**
*DATE*: March 27, 2022

## VERIFICATION

The facts set forth in the foregoing Complaint are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for perjury and unsworn falsification to authorities and/or the tribunal under both state and United States law.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFFS**
*DATE*: March 27, 2022