IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOBIAS VAN BUREN, JAYDEN ROBINSON, CAMARON JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>ABRAXAS YOUTH AND FAMILY SERVICES, CORNELL ABRAXAS GROUP, THE GEO GROUP, INC., JOHN/JANE DOES 1-100,<br><br>Defendants. | 2:22-CV-00499-CCW |

**OPINION AND ORDER**

Before the Court is a Motion for Class Certification filed by Plaintiffs Tobias Van Buren, Jayden Robinson, and Camaron Johnson, seeking to certify a Pennsylvania class under Federal Rule of Civil Procedure 23(b)(1), 23(b)(3), and/or 23(c)(4). For the following reasons, the Court will **DENY** Plaintiffs' Motion.

**I.    Background**

Defendants Abraxas Youth and Family Services, Cornell Abraxas Group, and the GEO Group, Inc. (collectively referred to as "Abraxas"), own and operate juvenile residential facilities in Pennsylvania, among other states. ECF No. 19 ¶ 1; ECF No. 21 ¶ 1. Abraxas provides rehabilitative services to court-adjudicated, delinquent, and non-delinquent youth, such as room and board, clothing, behavior management, individual and group counseling, academic and vocational programming, medical and dental services, and athletic and recreational services. ECF No. 19 ¶¶ 6, 7, 32; ECF No. 21 ¶¶ 6,7 32. Plaintiffs Tobias Van Buren, Jayden Robinson, and

1

Camaron Johnson are former residents of different Abraxas juvenile facilities in Pennsylvania. ECF No. 19 ¶¶ 36, 47, 53; ECF No. 21 ¶¶ 36, 47, 53. Specifically, Mr. Van Buren resided at a facility referred to as Abraxas I; Mr. Robinson resided at a facility referred to as Abraxas Leadership and Development Program, Delta Unit; and Mr. Johnson resided at a facility referred to as Abraxas Academy. *Id.* Plaintiffs lived at their respective facilities during different timeframes. ECF No. 19 ¶¶ 36, 47, 53; ECF No. 21 ¶¶ 36, 47, 53.

In the Amended Complaint, Plaintiffs allege that they suffered abuse while residing at their respective Abraxas facility. Mr. Van Buren contends that he was subjected to physical, mental, and sexual abuse by Abraxas Staff at Abraxas I. ECF No. 19 ¶¶ 35–45. Mr. Robinson asserts he was subjected to physical abuse by Abraxas staff at Abraxas Leadership and Development Program, Delta Unit. *Id.* ¶¶ 46–51. Mr. Johnson alleges that he was subjected to physical and sexual abuse by Abraxas Staff at Abraxas Academy. *Id.* ¶¶ 52–60.

Plaintiffs commenced this action on behalf of themselves and those similarly situated, asserting five claims against each Defendant: (1) violation of 42 U.S.C. § 1983—Fourth, Eighth and Fourteenth Amendments (Counts 1–3); (2) Negligence (Counts 4–6); (3) Intentional Infliction of Emotional Distress (Counts 7–9); (4) Negligent Infliction of Emotional Distress (Counts 10–12); and (5) Negligent Supervision (Counts 13–15). Plaintiffs now seek to certify the following Pennsylvania-only class:

> Any juvenile court-adjudicated youth or other at-risk youth who was sent to an an [sic] Abraxas Youth and Family Services, Cornell Abraxas Group, and/or GEO Group, Inc [sic] (collectively, "Defendants", "Abraxas", "The School") facility for rehabilitation and education who suffered mental, physical, and/or sexual abuse by the staff or employees of Abraxas between the year 2000 and the present. The class shall exclude any of the School's employees, volunteers, agents, staff, and/or contractors.

2

ECF No. 60 at 3.

Abraxas opposes every factor of the class certification analysis. ECF Nos. 66, 74.

## II. Standard of Review

A lawsuit may only be certified as a class action if the requirements of Federal Rule of Civil Procedure 23 are satisfied. *See Reinig v. RBS Citizens*, N.A., 912 F.3d 115, 124–25 (3d Cir. 2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011)). "Class certification is proper only if the district court is satisfied, 'after a rigorous analysis,' that the plaintiffs 'established each element of Rule 23 by a preponderance of the evidence.'" *Reinig*, 912 F.3d at 125 (quoting *Marcus*, 687 F.3d at 591)). The analysis proceeds in two steps. *Id.* First, the court must assess whether plaintiff has satisfied the prerequisites of Rule 23(a), and then it must determine whether plaintiff has met the requirements of either Rule 23(b)(1), (2), or (3). *See In re Modafinil Antitrust Litig.*, 837 F.3d 238, 248 (3d Cir. 2016) (quoting M*arcus v. BMW of N.A., LLC*, 687 F.3d 583, 590 (3d Cir. 2012)).

However, "[a]scertainability functions as a necessary prerequisite (or implicit requirement) because it allows a trial court effectively to evaluate the explicit requirements of Rule 23;" accordingly, a plaintiff seeking class certification under Rule 23(b)(3) must also establish that the proposed class is "ascertainable," meaning that "(1) the class is 'defined with reference to objective criteria'; and (2) there is 'a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition.'" *Byrd v. Aaron's Inc.*, 784 F.3d 154, 162–63 (3d Cir. 2015) (citing *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013)). Here, Plaintiffs purport to seek certification under Rule 23(b)(1), 23(b)(3), and/or 23(c)(4), but as will be discussed below, in reality, Plaintiffs only seek certification under Rule 23(b)(3). *See* ECF No. 60 at 3, 16; ECF No. 70 at 10.

### III. Discussion

### A. The Court Will Deny the Motion for Class Certification Pursuant to Rules 23(b)(1) and (c)(4) Because Plaintiffs Have Forfeited the Argument

In their Motion, Plaintiffs state that they are moving this Court "for an Order certifying the following Pennsylvania-only Class under Fed. R. Civ. P. 23(b)(1), 23(b)(3) and/or (c)(4)." ECF No. 60 at 3. Yet Plaintiffs' Motion is devoid of *any* legal argument or factual support for certification under either Rule 23(b)(1) or Rule 23(c)(4). *See* ECF No. 60. In fact, Plaintiffs have not even indicated whether they are moving under Rule 23(b)(1)(A) or Rule 23(b)(1)(B), which are not conjunctive, nor have they identified a particular issue that should be certified under Rule 23(c)(4). Plaintiffs' Reply is similarly silent on Rule 23(b)(1) and (c)(4). ECF No. 70 (addressing only Fed. R. Civ. P. 23(a) and 23(b)(3) factors). A litigant who fails to press a point by supporting it with pertinent authority forfeits the point. *Mueller v. CBS, Inc.*, 200 F.R.D. 227, 234 (W.D. Pa. 2001) (Ambrose, J.) (declining to do Plaintiffs' work on motion for class certification where Plaintiffs failed to explain how the analysis applied to the two counts in the complaint); *see also Pennsylvania Dept. of Pub. Welfare v. United States HHS*, 101 F.3d 939, 945 (3d Cir. 1996) (noting that passing references, unaccompanied by substantive argument, will not suffice to bring an issue before the court). Accordingly, the Court finds that Plaintiffs' request for class certification under Rule 23(b)(1) and Rule 23(c)(4) has been forfeited, and is therefore, summarily denied.

### B. The Court Will Deny the Motion for Class Certification Pursuant to Rule 23(b)(3) Because Plaintiffs Cannot Establish that the Class is Ascertainable

Plaintiffs' request for certification pursuant to Rule 23(b)(3) stumbles on the threshold hurdle of ascertainability. To meet this preliminary requirement, Plaintiffs must show, by a preponderance of the evidence, that the proposed class is currently and readily ascertainable based

on objective criteria and that there is a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition. *Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013). Plaintiffs may not merely propose a method of ascertaining a class without any evidentiary support that the method will be successful. *Id.* at 306–07. And the Court must ensure at the class certification stage that class members can be identified without extensive and individualized fact-finding or mini-trials. *Id.* at 307. The Third Circuit has cautioned against approving a method "that would amount to no more than ascertaining by potential class members' say so." *Marcus*, 687 F.3d at 594. The Court finds that Plaintiffs cannot meet this burden here.

Plaintiffs' proposed class includes "Any juvenile court-adjudicated youth or other at-risk youth who was sent to an [Abraxas] facility for rehabilitation and education who suffered mental, physical, and/or sexual abuse by the staff or employees of Abraxas between the year 2000 and the present," excluding certain employees or staff of Abraxas. ECF No. 60 at 3. Without citing any legal support, Plaintiffs contend that the class is ascertainable because (1) class membership is statutorily defined under the civil and criminal abuse laws of Pennsylvania and is therefore objective, (2) there is no ambiguity as to who resided at Abraxas' facilities because there is a central database that can be used to verify all potential class members and (3) the "youth who were abused while residing in Abraxas facilities are too well aware that such abuse actually occurred…" ECF No. 70 at 4–5. Abraxas counters that the class is unascertainable because the class definition is based on subjective criteria and is entirely dependent on individualized mini-trials. Specifically, Abraxas contends that the class definition (1) "inextricably intertwines identification of class members with liability determination[s]"; (2) is based on the mere belief of those who were abused; and (3) is a fail-safe class. ECF Nos. 66 at 18; 74 at 2–6.

5

At first glance, Plaintiffs' explanation that the definition of "mental, physical and/or sexual abuse" is statutorily defined under the abuse laws of Pennsylvania appears to aid their argument that the class is ascertainable by objective criteria. However, by defining class membership based on violating a provision of statutory law, the Plaintiffs have inextricably intertwined identification of class members with liability determinations, such that the putative class members cannot be ascertained without extensive and individualized fact-finding mini-trials. And Plaintiffs do not even specify which Pennsylvania laws they are referring to. Rather, they broadly state that "Pennsylvania clearly defines physical and sexual assault in both the criminal and civil contexts." ECF No. 70 at 5.

Absent existing judgments or rulings in favor of a putative class member and against Abraxas for "mental, physical and/or sexual abuse," the Court would have to conduct a mini-trial for each putative class member. The parties would need to present evidence and the Court would need to determine, at a minimum: (1) the particular type of abuse(s) alleged, (2) whether the putative class member was abused under the applicable Pennsylvania statute(s), and (3) whether the abuse was done at the hands of an Abraxas staff member. There is no method by which the Court could ascertain the putative class members "who suffered mental, physical and/or sexual abuse" without extensive and individual fact-finding. Such an approach clearly contravenes Third Circuit law. *Marcus*, 687 F.3d 583 at 593 ("If class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate."); *Carrera*, 727 F.3d at 307 ("A plaintiff does not satisfy the ascertainability requirement if individualized fact-finding or mini-trials will be required to prove class membership"); *Wright v. City of Wilmington*, Civ. A. No. 13-1966, 2016 WL 356023 (D. Del. Jan. 28, 2016) (denying motion to certify 42 U.S.C. § 1983 class because the court would need to sift "through the WPD's

records to determine which individuals were detained under the circumstances identified in plaintiffs' proposed class, and then determining whether each of those individuals was detained based on reasonable suspicion or probable cause, is precisely the kind of inquiry the Third Circuit has held is inappropriate."). Accordingly, because the class definition requires the Court to hold a mini trial for each putative class member, Plaintiffs cannot establish ascertainability.

Plaintiffs' second argument regarding ascertainability, that Abraxas has records that would verify whether a putative class member resided at an Abraxas facility, misses the mark. While Abraxas' records could indicate whether or not a putative class member resided at an Abraxas facility, Plaintiffs have not shown that such records would identify whether the putative class member suffered abuse, as defined by unspecified Pennsylvania law, and whether that abuse was inflicted by an Abraxas staff member. It is clear that Plaintiffs' main method of identifying class members is not Abraxas' records, but the putative class member's assertion of abuse. ECF No. 70 at 5 (the "youth who were abused while residing in Abraxas facilities are too well aware that such abuse actually occurred…"). The Third Circuit has already counseled against "approving a method that would amount to no more than ascertaining by potential class members' say so." *Marcus*, 687 F.3d at 594 (holding that potential class members submitting affidavits to gain class membership is not proper or just); *City Select Auto Sales Inc. v. BMW Bank of North America Inc.*, 867 F.3d 434, 442 (3d Cir. 2017) ("Affidavits from potential class members, standing alone, without 'records to identify class members or a method to weed out unreliable affidavits,' will not constitute a reliable and administratively feasible means of determining class membership").[1] Accordingly, Plaintiffs cannot show that the class is ascertainable using this method.

---

[1] Because the Court has already ruled in favor of Abraxas on the ascertainability requirement, it need not reach Abraxas' third argument, that the proposed class is a fail-safe class. *See Butela v. Midland Credit Management Inc.*, 341 FRD 581, 603 (W.D. Pa. 2022) (Stickman, J.) (stating that courts have "denied certification of fail-safe classes

Because Plaintiffs cannot meet their burden of showing that the proposed class is ascertainable, which is a requirement for a Rule 23(b)(3) class, the Court need not address the remaining factors of Rule 23(a) and Rule 23(b)(3).

## IV.  Conclusion

For the reasons set forth above, it is **HEREBY ORDERED** that Plaintiffs Tobias Van Buren's, Jayden Robinson's, and Camaron Johnson's Motion for Class Certification, ECF No. 60, is **DENIED**.

DATED this 9th day of February, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

on ascertainability grounds, reasoning that 'the inquiry into class membership would require holding countless hearings resembling 'mini-trials'").