| | | |
|---|---|---|
| **Tobias Van Buren, Jayden Robinson, and** | **:** | **United States District Court** |
| **Camaron Johnson, Plaintiffs,** | **:** | **Western District of Pennsylvania** |
| **vs.** | **:** | |
| **Abraxas Youth and Family Services, Cornell** | **:** | **Civil Division – Civil Rights** |
| **Abraxas Group, The GEO Group, Inc., and** | **:** | **CLASS ACTION – JURY DEMAND** |
| **John/Jane Does 1-100, Defendants.** | **:** | **Case No.: 2:22-cv-00499** |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 20____, Plaintiff's Motion for

Leave to Dismiss Their Complaint without Prejudice to refile in Commonwealth of Pennsylvania

state court is GRANTED pursuant to F.R.C.P. 41.


**BY THE COURT:**



                                        

**Honorable Judge**

| | | |
|---|---|---|
| **Tobias Van Buren, Jayden Robinson, and** | **:** | **United States District Court** |
| **Camaron Johnson, Plaintiffs,** | **:** | **Western District of Pennsylvania** |
| vs. | **:** | |
| **Abraxas Youth and Family Services, Cornell** | **:** | **Civil Division – Civil Rights** |
| **Abraxas Group, The GEO Group, Inc., and** | **:** | **CLASS ACTION – JURY DEMAND** |
| **John/Jane Does 1-100, Defendants.** | **:** | **Case No.: 2:22-cv-00499** |

### PLAINTIFFS' MOTION FOR LEAVE TO WITHDRAW THEIR COMPLAINTS TO REFILE IN COMMONWEALTH OF PENNSYLVANIA STATE COURT

Plaintiffs, pursuant to Rule 41 of the Federal Rules of Civil Procedure, moves for leave of

Court to Withdraw their Complaints to Refile in Commonwealth of Pennsylvania state court.

Further, in support of this Motion, moving Plaintiff incorporates by reference and rely upon the

Memorandum of Law filed herewith.

Respectfully Submitted,

_____

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFFS**
*DATE*: April 2, 2024

| | | |
|---|---|---|
| **Tobias Van Buren, Jayden Robinson, and** | **:** | **United States District Court** |
| **Camaron Johnson, Plaintiffs,** | **:** | **Western District of Pennsylvania** |
| vs. | **:** | |
| **Abraxas Youth and Family Services, Cornell** | **:** | **Civil Division – Civil Rights** |
| **Abraxas Group, The GEO Group, Inc., and** | **:** | **CLASS ACTION – JURY DEMAND** |
| **John/Jane Does 1-100, Defendants.** | **:** | **Case No.: 2:22-cv-00499** |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO WITHDRAW THEIR COMPLAINTS TO REFILE IN COMMONWEALTH OF PENNSYLVANIA STATE

### I.    INTRODUCTION

Plaintiff originally filed a class action Complaint and an Amended Complaint with the above-referenced Plaintiffs, alleging civil rights abuses against the Defendants. *See* Docket Nos. 1, 19. The Defendants filed an Answer. *See* Docket No. 21. This Court on February 9, 2024, denied the Plaintiffs' Motion for Class Certification. *See* Docket No. 79. This Court, on February 21, 2024, issued a new Scheduling Order. See Docket No. 91. As of this filing the Defense does not have any pending Motions to Dismiss and/or Motions for Summary Judgment and this Court's decision regarding class certification only pertained to that subject and not the individual Plaintiffs' respective cases. The Plaintiffs' Counsel have conferred with Defense Counsel regarding a stipulation to dismiss without prejudice to refile these matters in state court which was denied. The Plaintiffs request leave to withdraw and dismiss their federal complaints without prejudice so they may refile these action in state court within the Commonwealth of Pennsylvania.

### II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(a)(2) provides that a voluntary dismissal by Plaintiff "*By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has

pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Following Rule 41(a)(2) an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3d Cir. 1987). Even in a typical case between private parties, dismissal "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit," *Estate of Ware v. Hosp. of the Univ. of Pa.*, 871 F.3d 273, 285 (3d Cir. 2017) (*quoting In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990)).

Voluntary dismissals "should be freely granted," but a plaintiff's request will not be allowed if "the non-moving party will suffer some plain legal prejudice." Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense.

The "primary purpose" of this rule is to avoid "voluntary dismissals which unfairly affect the other side." For example, if a plaintiff "fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." On the other hand, plain legal prejudice does not include the mere prospect of a second suit or the mere incursion of expense. If the district court determines that an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice. The latter course may include dismissing the suit with prejudice. *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x

267, 268 (5th Cir. 2012). The Fifth Circuit stated when discussing applying Rule 41(a)(2) voluntary dismissal at Plaintiff's request:

> "By its very language 41(a)(2) gives the court power to grant or deny a motion made under the rule and 'upon such terms and conditions as the court deems proper.'" "[We] follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." Thus, "[t]he purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case." "In ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the defendant." In contrast, a condition limiting the plaintiff's right to refile to the original forum is "not the type usually found in Rule 41(a)(2) dismissals." Instead of concerns about cost or reproducing discovery, the "only alleged prejudice in this case, upon refiling," absent the forum limitation imposed by the district court, is that "plaintiffs may gain a tactical advantage." Yet, "[i]t is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." Indeed, the "fact that a plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice to justify denying a motion for voluntary dismissal." If the possibility of tactical advantage does not justify the denial of a voluntary dismissal, likewise the possibility of tactical advantage should not justify the imposition of a refiling condition. In sum, the potential for forum-shopping does not count as legal prejudice. *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 298-299 (5th Cir. 2016).

### III.   ARGUMENT

#### A.  This Court Should Grant Plaintiffs' Motion for Leave to Dismiss Complaint to Refile in Commonwealth of Pennsylvania State Court

Federal Courts have generally and freely allowed persons similarly situated to Plaintiffs to voluntarily dismiss their matters to be refiled in state courts. First, the Defense has not filed nor exists a pending motion to dismiss and/or a motion for summary judgment. Second, the request is being made while the discovery period remains open and has not tactically disadvantaged the Defense in any manner. Moreover, the Plaintiffs are not requesting leave to dismiss their claims to get a tactical advantage, yet seek to group these matters with the more than 15 related Abraxas lawsuits which are currently being litigated in Pennsylvania state court. Upon dismissal these matters would be refiled in the Allegheny County Court of Common Pleas whereby the remainder of the related Abraxas matters are currently docketed. Third, all the

Plaintiffs matters are within their respective statutes of limitations for physical and sexual child abuse and by dismissing this matter and allowing a refiling of their complaints in state court would not circumvent any of those prohibitions. Fourth, this request is being made after this Court denied Plaintiffs' motion for class certification. In the instant matter, the Defense does not face any prejudice from the Court granting this request. Therefore, based on the following law and stated reasons the Plaintiffs request leave from this Court to dismiss without prejudice their respective complaints so each can refile in state court.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully request this Court enter an order granting Plaintiff's Motion for Leave to Withdraw and Dismiss their Complaint without Prejudice to refile in Commonwealth of Pennsylvania, state court, and to grant such further relief as the Court deems appropriate.

Respectfully Submitted,
CORNERSTONE LEGAL GROUP

By: /s/ D. Wesley Cornish, Esquire
David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFFS**
**DATE**: April 2, 2024

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court

and a copy was sent to the counsel of record at:

**G. Michael Garcia, Esquire**
MacDonald Illig
100 State Street, Suite 700
Erie, PA 16507
mgarcia@mijb.com

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for unsworn

falsifications and perjury via the applicable state and the United States Code.

Respectfully Submitted,
CORNERSTONE LEGAL GROUP



By: /s/ D. Wesley Cornish, Esquire
David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFFS**
**DATE**: April 2, 2024